Thank you, your honors. Good morning. My name is Chad Spraker, and I'm an assistant United States attorney. The government also intends to reserve about three minutes of rebuttal in this case. This appeal is being made because the district court applied an incorrect legal principle to exclude evidence of allegations explicitly made in indictment under Rule 404B of the Federal Rules of Evidence. The indictment in this case charges the defendant, Joseph Loftus, with a scheme to defraud that lasted from 2008 to 2014, and alleges that the scheme to defraud occurred in Montana, Texas, Oklahoma, and elsewhere. Yeah, although your specific allegations, you've got five of them, they're really only Montana-focused, right? No, that is not correct. The scheme to defraud took place over the entire country. I understand, but you've got five counts. Correct. And describe those five counts and the three individuals with respect to those counts. Those three individuals were involved in a scheme to defraud that arose in Montana. However, the wires and furtherance extended from Montana to other districts in the United States. But that's obviously what was worrying the district judge, was that the five counts charged are Montana-based. And that's just part and parcel to venue considerations when you're dealing with the wire and furtherance of a scheme. There always has to be a Montana nexus when you're charging the crime of wire fraud, because the wire has to touch Montana. However, that by no way limits the scheme to defraud, in that it could extend to the United States by virtue of being in the federal criminal justice system. However, in furtherance to what Judge Fletcher just asked, it seems to me that what the judge was really saying is, as the existence of a scheme to defraud, the evidence of other places, but it's got to be something that is intertwined to get to Montana somehow. That seems to be what the judge suggests. Right. Then he says, when we get to the second part, which is the use of the wires and furtherance of the scheme, it's got to be in Montana. Yes, the wires absolutely do have to have a Montana nexus. And so I guess I'm having a tough time why what he said is so wrong. The judge's definition of a scheme to defraud is a Montana scheme to defraud, was not the scheme alleged to the indictment. The scheme alleged to the indictment is one that took place in Montana, Texas, Oklahoma, and elsewhere. The judge, however, limited the government scheme to one that was inextricably intertwined with the scheme occurring in Montana. And that allegation was never made in the indictment. That was the judge's construction of the indictment, but that's not the indictment that was returned by the grand jury. And we would agree that the inextricably intertwined doctrine would apply to evidence that was not in support of allegations contained in the indictment. For instance, if the United States was attempting to introduce evidence that took place in 2007 or 2015, potentially that could be inextricably intertwined evidence. But the scheme to defraud itself is the one that is defined by the indictment. And what the judge can't do is redefine the indictment to allege something that the grand jury did not allege. In fact, it alleged an indictment that was much larger. Well, it seems to me, however, that what he said was, as it relates to the existence of the scheme, the wires can be outside of the state of Montana, but you've got to have something that finally gets it to Montana. In other words, it's got to be something that is going to get to making the Montana stuff, which is the second element, important. That's all he's saying. Isn't that what he's saying? No. And that's not what he's saying. With respect to the wires, we would certainly agree those have to touch Montana. That's just a part of the venue considerations of this crime. And in the related case that the government listed in its brief, in fact, that's the same factual scenario, that we had a scheme to defraud that took place over the entire country, but eventually the judge excluded witnesses that were not involved in a Montana fraud. And here we're in the same situation. We're dealing with a case that took place over the entire country, but now we're limited to a fraud that occurred in the District of Montana. But that's simply not the scheme to defraud that was found by the jury, the grand jury. So you're not relying on inextricably intertwined, although I gather you could make that argument in a particular piece of evidence, perhaps, but you're saying because the indictment was eliminating proof of that overall scheme, unless it was inextricably intertwined. Do you have a Ninth Circuit case or an out-of-circuit case that supports you? I do. The Ninth Circuit case, Mastoleto, discusses that it is of no consequence that a scheme to defraud arose in more than one place. Well, again, I guess I'm going to put you down, or make you think about it just a little bit. I'm not sure that the district judge says that the scheme can't take place anyplace else. I think what the district judge says, and I'm now reading what he wrote. He says, they introduce evidence of the scheme alleged in the indictment, but the manner in which the court treats the evidence will depend on whether the government can prove the evidence is, in fact, inextricably intertwined with the scheme underlying the Montana frauds. What he's saying is it can take place anyplace, he doesn't care, but it's got to somehow, if you will, intertwine itself with what happened in Montana. It can't be a scheme that has to do with every place except Montana and not have anything to do with Montana. It's got to have something to do with Montana someplace. That seems to be what he's saying. The scheme itself doesn't actually have to touch Montana. I know that seems like perhaps an unusual proposition, but the wire and furtherance is the only part of that scheme that has to take place in Montana. In fact, as long as the wire has some nexus to Montana, the scheme can extend to the entire United States. That's what the government's seeking to introduce evidence of here, of course. What does Dorsey say? Dorsey says, it's 60-77-5-3-952, evidence directly relevant to the charged offense is inextricably intertwined with those crimes and outside the scope of 404-B. He says if it's relevant to the crimes, it is inextricably ... It's an Idaho kid trying to say that tough word, intertwined. I'll do. All I'm trying to say is I'm still trying to understand why you think what he said was wrong. It's because the scheme that's defined is one he's defining as a Montana scheme. This wasn't just a Montana scheme, it's a scheme that extended to districts all throughout the United States. Could you give us an example of the kind of evidence that you would like to present that wouldn't fall within inextricably intertwined so much as going to the proof of the overall scheme of which the Montana wires were a subset so you can show us in specifics why it is an answer to Judge Smith's question. Sure. The indictment alleges in this case that the defendant Joseph Loftus went to Texas to continue his scheme in I think about the year 2011. At that point, the nexus to Montana is connected by the wire and some furtherance of the scheme and that those wires were employed I think in 2009, 2010, but the scheme continued to continue with Mr. Loftus. So although he wasn't present in Montana, the scheme continued on and on until his false statements eventually ended about 2014. But the evidence that took place of that scheme wasn't occurring in Montana anymore, it was occurring in elsewhere states, for instance, Texas, Oklahoma. And you're suggesting then that evidence is not inextricably, yes, intertwined? It is the case that was charged by the grand jury. I understand it's the case charged by the grand jury, but again, I'm asking you straight-laced. Why is not the evidence you just explained to me intertwined? Because that doctrine only applies when we're seeking to introduce evidence that is not alleged in the indictment. And here, we're only seeking to introduce evidence that is alleged in the indictment. And that's the problem with the inextricably intertwined doctrine. It doesn't apply in a case like this. It only applies in a... What case says what you just told me? It is the... I mean, my worry is, I'll read your case, but my worry is that I'm supposed to find whether it's inextricably, what inextricably intertwined means and how that will devote to your evidence you want to, if you will, introduce, and at least the evidence you've seen progressed, I don't know how that wouldn't be intertwined at all. In the case I'm relying upon is Nantistates v. Saliman at page 27... Saliman? Saliman, S-O-L-I-M-A-N, 813F, 2nd, 277. There this court says that the policies... What page are you on? I've got the case. Page 279. Yeah, and where are you on the page? Well, it's not a very big page, so just what's the language? The language is that the policies underlying the rule, they're referring to Rule 404B, are simply inapplicable when some offenses committed in a single criminal episode become other acts because the defendant is indicted for less than all of his actions. What the court there is saying is that the policies behind Rule 404B, referring to the Inextricably Intertwined Doctrine, are inapplicable just because the defendant is indicted for less than all of his actions. That's not the case here. He was indicted for all of his actions, and that's all we're seeking to introduce. We're not seeking to bring in something that's outside of the scheme that was alleged, and that's... That's why I said, why isn't it intertwined? Because... I mean, it seems to me that everything you've talked about thus far is intertwined with the scheme. I mean, in fact, Solomon says, uncharged transactions that are a part of the scheme are admissible to prove the existence of the scheme. The reason they are is because they're intertwined. Right. Uncharged actions, and that's the rub, that these were actually charged actions. Well, but even if they're charged, it seems to me then they're certainly intertwined. Well, I guess I would agree with at least the nomenclature in that case. It's not intertwined anymore. It's the very transaction the defendant was charged with. My problem, in a way, with this case is that I'm not sure I can see a flaw in the district judge's order now where he says, listen, when we come close to trial, I'll rule on these things. I don't want to rule on them right now. And he recites the law, and you guys are just worried he's going to rule against you when the time comes. Well, experience shows that that's what is going to happen. Well, it hasn't happened yet. In this case, it hasn't because we haven't gone to trial. And that's why I didn't even know we had jurisdiction, but then I find you've got enough cases to say I do have jurisdiction, so I got to talk about it because jeopardy, quote, unquote, may attach. But I'm trying to understand your argument. And what happened in the Johnson case is that eventually the other victims weren't able to testify, and they were eventually denied restitution because the judge limited the scheme to Montana, even though extended throughout the entire United States. So this is really the resort that we have to come to. Let's hear from the other side. We've taken you over time, and we'll give you a chance to respond, I think. Good morning. I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent Joe Loftus. I'm going to start with how this issue became an issue. We were preparing for trial. My office was. There's 10,000-plus pages of discovery in terms of what the government's produced and documents that we're going to produce to the government as part of our discovery obligation. There's three named investors who are alleged to be victims of this fraud. And then going through the discovery, we identified potentially 84 more investors. And the way the second superseding indictment is worded, there's 10 paragraphs where my client, Joe Loftus, supposedly made fraudulent representations to investors, to investors, to investors. So we're getting ready for trial. I called Mr. Spraker to find out who he was going to call as witnesses beyond the named supposedly defrauded investors. He wasn't sure. So that's when I filed this motion in limine with the court. And the court fully complied with this circuit's law in saying that if you show me that these, whoever you want to call, these other investors, that they are inextricably intertwined with the named defrauded investors, then I'll let it come in. So what's your authority for that? That's the Dorsey case is one case. That's the case that the district court judge cited. Somewhat surprisingly, the government never addressed Dorsey in its opening, and I don't believe in its answering brief, even though that's the authority Judge Christensen cited in his order. The Solomon case, the district court fully complied with that. Solomon used the phrase, single criminal episode. That's a synonym for inextricably intertwined. Government, you come in and show the trial court that this other evidence, which I presume will be these other allegedly defrauded investors, were part of the same scheme to defraud. And that is the scheme to defraud that has been alleged to happen in Montana, but extends outside of the district of Montana. Then those people can testify, obviously. So just how this would play out, because the scheme is charged to be more than Montana. Yes. Okay. So that's the indictment characterization. And it's not unusual for the multi-state drug, particularly in Montana. We've had many of those cases. You know, they're coming from California and so on and so forth. So they want to call a non-Montana investor. And so what are they allowed to show through him? I'm not sure if the judge will want a narrative proffer from Mr. Spraker. No, to satisfy what you understand Solomon to be, or Mercy to be. I don't know which order the government will call its witnesses. I presume it will call the named, allegedly defrauded investors. At that point, the court knows what this government's claim, the scheme to defraud is. Well, they know that, at least with respect to the Montana-based investors or components,  but if they want to show he's part of a broader scheme that involves Texas, how can they prove that? Well, first of all, the named alleged victims, some of their testimony is going to relate to things that happened outside of Montana. So I think the government will have this scheme that it believes- You need to answer Judge Fischer's question, because it's pretty dang important. Are you going to object to them calling people outside of Montana if it only relates to the scheme? Well, first of all, of course I probably will object. I expect I'll be objecting a lot during this trial, based on the judge's pre-trial ruling. But if you're objecting, then that's why the government's bringing this appeal. Because what they're trying to say is, as it relates to the existence of a scheme to defraud, I'm going to be able to call witnesses outside of Montana, and as long as it's the same scheme, it's inextricable, it's yes, it's intertwined, and therefore, I get to call them. Are you going to object to that? That's the question. Yes. I don't like this pre-trial ruling. I was surprised the government appealed. This isn't good for my client. But do you have any case that says it's wrong? Because you're even telling me, Solomon, which I agree, Solomon and Dorsey are the same. So as long as they show they're, yes, intertwined, then at that point, your objection is not worth it. And that's what the government's evidentiary basis will be. Getting back to your question, Judge Fischer, it'll be a matter, does the government do a narrative proffer? Perhaps the judge will have these other investors testify outside the presence of the jury. And once it meets that threshold of inextricably intertwined, no matter what I say, it's coming in. The judge has ruled that, although at some point, I think there'll be a 403 consideration. But I think in terms of 401, 401-2, 401, 402, I don't think he gets to 404 if it meets this inextricably intertwined. And what the government has to show is that these investors were defrauded by the same alleged scheme. What happened to the named investors is the same thing that happened to these other investors. And once that threshold's met, then I think the judge will let it in. I do think at some point, given that we've identified 84 other investors, there's going to be a 403 cap on it. But that's the threshold that has to be met. And that goes to your question, Judge Fletcher, is it's unclear what these other people are going to say at this point. And in fact, even the basis, which is what the three named investors are going to say, is unclear. I mean, I know it's what's in the discovery. And we've done our own investigation to a certain degree, although we stopped once the government had filed this appeal. But the judge doesn't know. And that's why I think the judge was incredibly judicious, incredibly savvy, in just saying this is a tentative ruling. I can't commit to anything because I don't know what I'm dealing with. I don't know what the supposed fraudulent scheme is in terms of the details. And once I comprehend that, then I can start determining if these other investors are inextricably intertwined. So going to your question, Judge Smith, I see this ruling. This wasn't something I was like, hurrah, this is great. This is exactly what we wanted. It's like, no, the battle's just begun. This is all going to play out at trial. And then we'll see what Judge Christensen does. And I do intend, I'll be prepared to object. At some point, my objections are probably going to become futile if the judge is finding inextricably intertwined, inextricably intertwined. Then I'll switch to 403. Yeah. No, what I said when you were after it in front of the district judge was you wanted the convergence ruling. Yes. Which you didn't get. Right, right, right. This order was not good for Mr. Loftus. And in part, I was obviously trying to get the case dismissed. The other part was trying to limit the evidence that's coming in at trial. And at this point, the judge is, as I said, was very judicious. He was smart about this. He's keeping his options open until he knows the facts. But again, I intend to object and object and object. And we'll see what the facts are. It's incredibly fact dependent. And I will agree that even the named investors who have been supposedly defrauded, some of their activities occurred outside of Montana, which I think broadens this technique, the common scheme, which makes it more possible that these other 84 investors are inextricably intertwined with the named criminal counts. Unless you have more questions, that's what I wanted to say. Okay. Thank you, Your Honors. Let's give the government a minute. We'll give the government your minute, the one you saved. Your Honors, the government, all it's asking in this case is that we have a ruling that we're allowed to allege evidence of the scheme to defraud as direct evidence of this case, not as inextricably intertwined. Why does Solomon not answer that? It does answer that. And that's what we're asking the judge to do, is allow us to introduce evidence of that. You think he's gone away from Solomon in what respect? That he's classifying evidence that is alleged in the indictment as inextricably intertwined evidence or 404B evidence. And that's just not the case because those doctrines don't apply in this case. Well, I'm reading Solomon and it says evidence should not be treated as other crimes evidence when the evidence concerning the other act and evidence concerning the crime charge are inextricably intertwined. And then you read the policies thing and the other thing that goes on is the record suggests that Solomon was cited for less than all of his actions. And then these mail fraud activities were closely, and I like closely, it's easier to pronounce than inextricably intertwined. So we agree with the trial court that summary charge was not other crimes evidence. Correct. This is not 404B. This is not inextricably intertwined. This is the case that was charged. And that's what we're asking to do. And the primary difficulty with the district court, or one of the difficulties with the district court's ruling is that we shouldn't have to proffer our evidence to see whether it's inextricably intertwined because this is just the case that we're trying to prove. We shouldn't have to go through the 404B analysis, give notice, go through the four elements of whether this is actually admissible as 404B when in fact this is just the case that we've charged. And it makes a great difficulty for us because we don't know which of those other 83 or 81 investors that we can actually bring to trial when we have no assurance they're going to be able to testify. And that's what happened in Johnson. We brought other witnesses and they just weren't permitted to testify because they were found 404B evidence and other act evidence. Now, I'm not familiar with the Johnson cases. This is Judge Christensen's case. I got it. 2015. Yep. I got it. Okay. It's the related case. So that's all we're asking the court for is a ruling that we could introduce direct evidence of our case. Okay. Thank you very much. Thank both sides for their arguments. United States v. Loftus submitted for decision.
judges: W. Fletcher, Fisher, N.R. Smith